FRANK W. NEMECEK (SBN 62260)
fnemecek@nemecek-cole.com
VIKRAM SOHAL (SBN 240251)
vsohal@nemecek-cole.com
**NEMECEK & COLE**
A Professional Corporation
15260 Ventura Boulevard, Suite 920
Sherman Oaks, CA 91403
(818) 788-9500 Telephone
(818) 501-0328 Facsimile

Attorneys for Plaintiff
PUMPKIN-PACKAGE CO., LTD.

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUMPKIN-PACKAGE CO., LTD.<br><br>Plaintiff,<br><br>vs.<br><br>ALIPHCOM, INC. *d/b/a* JAWBONE,<br><br>Defendant. | Case No. 17-cv-3866<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br><br>**(2) ACCOUNT STATED;**<br><br>**(3) QUANTUM MERUIT; AND**<br><br>**(4) UNJUST ENRICHMENT** |

2803001P.02

**COMPLAINT**

COMES NOW Plaintiff, PUMPKIN-PACKAGE CO., LTD. ("Plaintiff"), and for its causes of action against Defendant, ALIPHCOM, INC. *d/b/a* JAWBONE ("Defendant"), states and alleges as follows:

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and the action is between citizen of a State and citizen of a foreign state.

2. Venue before this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides in this judicial district.

## PARTIES

3. Plaintiff is a limited company organized under the laws of China with its principal place of business located in Suzhou City, China.

4. Based on information and belief, Defendant is a California corporation with its principal place of business located at 99 Rhode Island Street, San Francisco, California 94103.

## GENERAL ALLEGATIONS

5. Plaintiff manufactures components that are used in assembling packaging products such as Product bags. Plaintiff works with several leading packaging product manufacturers, including FUDY PRINTING CO., LTD. ("Fudy").

6. Based on information and belief, Defendant is a consumer technology and wearable products company that develops and sells wearable technology such as wristbands and portable audio devises, wireless speakers, Bluetooth headsets, and related technology.

7. Based on information and belief, in or about June 2014, Fudy and Defendant entered into a Supply Agreement whereby Fudy agreed to supply certain packaging products to Defendant on a continuing basis. Since Plaintiff manufactured certain components of the packaging products that Fudy was supplying to Defendant,

and due to the positive past business relationship between Plaintiff and Fudy, Defendant agreed to retain Plaintiff to manufacture the components of the packaging products being produced by Fudy.  In or about July 2015, Plaintiff and Defendant entered into an agreement whereby Plaintiff agreed to produce the components of the products that were being delivered by Fudy to Defendant.  In addition, it was specifically agreed that Plaintiff would send its invoices directly to Defendant (and *not* through Fudy) and that Defendant would be responsible for payment of same.

8. On or about September 8, 2015, Plaintiff started delivering its products to Defendant pursuant to the terms of the July 2015 Agreement.  Further, Plaintiff also started issuing regular invoices to Defendant for the products delivered by Plaintiff, and accepted by Defendant.

9. Plaintiff performed all of its duties and obligations under the July 2015 Agreement.  However, starting in or about December 2015, Defendant fell behind on payments of Plaintiff's outstanding invoices.  Indeed, the last payment that Defendant made to Plaintiff was on February 12, 2016.  Notwithstanding several assurances that payments were forthcoming, Defendant to date has not made any further payments and the total outstanding balance remains at $189,391.20.  Despite numerous demands, Defendant has refused and continues to refuse to pay the substantial sums it currently owes to Plaintiff.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

10. Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-9, *supra*, as if set forth in full herein.

11. Plaintiff and Defendant entered into the July 2015 Agreement whereby Plaintiff agreed to produce the components of the products that were being delivered by Fudy to Defendant.  In addition, it was specifically agreed that Plaintiff would send its invoices directly to Defendant (and *not* through Fudy) and that Defendant would be responsible for payment of same.

12. Plaintiff performed its duties and obligations under the July 2015 Agreement and billed Defendant for the products it delivered to Defendant and that Defendant accepted. Defendant, however, breached the July 2015 Agreement by failing to pay for the products it received and accepted under that Agreement.

13. Plaintiff made numerous demands upon Defendant to pay the sum that is past due, owing and unpaid, but Defendant has refused, and continues to refuse, to pay the same, all to Plaintiff's damage.

14. Plaintiff has performed and satisfied each and every condition or has been excused from performing its obligations to be performed under the July 2015 Agreement.

15. As a direct and proximate result of Defendant's breaches, Plaintiff has suffered damages of approximately $189,391.20, the exact amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Account Stated)

16. Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-15, *supra*, as if set forth in full herein.

17. Within the last five years, Plaintiff has rendered valuable services and furnished valuable products to Defendant for Defendant's sole benefit. Defendant accepted, used and enjoyed such services and products from Plaintiff. Defendant knew or should have known that Plaintiff, in performing said services and furnishing said products, was expecting to be paid by Defendant.

18. Within the last five years, an account was stated in writing by Plaintiff to Defendant that Defendant remained indebted to Plaintiff for the aforementioned services and products in the amount of $189,391.20.

19. Defendant has failed and refused to pay the balance due or any portion thereof, and there is now due, owing, and unpaid from Defendant to Plaintiff the sum of at least $189,391.20.

## THIRD CAUSE OF ACTION

### (Quantum Meruit)

20. Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-19, *supra*, as if set forth in full herein.

21. Plaintiff rendered valuable services and furnished valuable products to Defendant for Defendant's sole benefit.

22. Defendant accepted, used and enjoyed such services and products from Plaintiff.

23. Defendant knew or should have known that Plaintiff, in performing such services and furnishing such products, was expecting to be paid by Defendant.

24. Demand for payment for the services and products has been made by Plaintiff to Defendant, but Defendant has refused, and continues to refuse, to pay Plaintiff.

25. The fair and reasonable value of the services and products Plaintiff provided to Defendant is approximately $189,391.20.

26. Plaintiff has suffered damages as a direct result of Defendant's actions in an amount no less than $189,391.20, the exact amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

27. Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-26, *supra*, as if set forth in full herein.

28. Defendant has received the benefits of Plaintiff's services and products as set forth above.

29. In furnishing said services and delivering said products, Plaintiff was not acting as a volunteer, and Defendant has accepted the benefits of that which Plaintiff has furnished without paying for said services and products.

30. Therefore, Defendant has been unjustly enriched and further, it would be inequitable for Defendant to be allowed to retain the benefits to Plaintiff's services and products without being ordered to pay a sum no less than $189,391.20.

WHEREFORE, Plaintiff respectfully requests that:

1. The Court enter judgment in favor of Plaintiff and against Defendant;

2. The Court award money damages to Plaintiff in an amount not less than $189,391.20, plus all applicable prejudgment and post-judgment interest;

3. The Court award Plaintiff the attorneys' fees it incurred pursuant to the provisions of the July 2015 Agreement;

4. The Court award Plaintiff costs of this suit; and

5. The Court award Plaintiff such other and further relief as it may deem appropriate.

**NEMECEK & COLE**

Dated: July 7, 2017          By: /s/Vikram Sohal
                                 VIKRAM SOHAL, ESQ.
                                 Attorneys for Plaintiff
                                 PUMPKIN-PACKAGE CO., LTD.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328